IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                               Case No. 22-cv-0105 DHU-KK

AMERICAN BAR ASSOCIATION,
BAR MEMBERS, and
UNITED STATES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Donald Thomas Sharp's *pro se* Civil Complaint (Doc. 1) (Complaint). Sharp is a federal pretrial detainee. He claims, inter alia, the American Bar Association (ABA) has overthrown the government. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the Complaint with prejudice.

### BACKGROUND

Sharp initiated this case on February 15, 2022. The Complaint alleges the ABA and its members are fraudulent, treasonous, part of a "RICO enterprise," and have "overthrown the government of the United States." Doc. 1 at 1, 3. Sharp believes that once the ABA bestows the title "Esquire" on a member, which is a "Title of Nobility," the individual "ceases to be [a] citizen[] of the United States." *Id.* at 1-2. Sharp reported these concerns to the United States Attorney and the New Mexico Attorney General, but no action was taken. *Id.* at 3. Based on these allegations, Sharp asks the Court to:

(1) Seize all assets from the ABA and its members and then award that sum as damages;

(2) File criminal charges against the ABA and its members;

(3) Deport all ABA members from the United States;

(4) Change the rules governing attorney licensing;

(5) Discharge all filing fees; and

(5) Transfer this case to the Pentagon.

*See* Doc. 1 at 2-4. The Complaint names as Defendants the ABA, all ABA members, and the United States. The matter is ready for initial review under 28 U.S.C. § 1915A.

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints seeking redress from a governmental entity or its officers. Complaints must be dismissed if they are frivolous, malicious, or fail to state a cognizable claim. 28 U.S.C. § 1915A(b). To survive review, the plaintiff must generally frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Beyond Fed. R. Civ. P. 12(b)(6), § 1915A "accords judges … the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims" that are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous where the "factual contentions … describe[e] fantastic or delusional scenarios." *Id*. The claims must be more than unlikely. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). They must "rise to the level of the irrational or the wholly incredible" and "lack[] an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 328.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  "At the same time, … it is [not] the proper function of the district court to assume the role of advocate."  *Id.*

## DISCUSSION

The crux of the Complaint is that all ABA members - especially those who hold public office - committed crimes by virtue of their membership in the British nobility.  Sharp also appears to believe the ABA controls the United States government.  These allegations are not "plausible on [their] face," *Ashcroft*, 556 U.S. at 678, and "lack[] an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325.  The theory arises from the sovereign citizen movement, where individuals believe they exist outside the jurisdiction of the United States government.  *See, e.g., Westfall v. Davis,* 2018 WL 2422058, at *3 (N.D. Tex. May 4, 2018) (dismissing complaint where plaintiff, a sovereign citizen, claimed "all lawyers and judges are British nobility" and the "legal bar is in reality an acronym for 'The British Accredited Registry Association'"); *Sharp v. American Bar Association,* 2021 WL 4774890, at *1 (D.N.M. Oct. 13, 2021), *appeal dismissed*, 2022 WL 1162092 (10th Cir. Jan. 6, 2022) (dismissing sovereign citizen complaint containing more detailed allegations about the conspiracy involving Britain and the American Bar Association).

The Tenth Circuit has repeatedly held that sovereign citizen theories have "no conceivable validity in American law." *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011).  *See*

*also United States v. Palmer,* 699 Fed. App'x 836, 838 (10th Cir. 2017) ("As for [the defendant's] sovereign state citizen argument, reasonable jurists could … not disagree that the claim is plainly frivolous."). The Court will therefore dismiss the Complaint as frivolous and for failure to state a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A. *Pro se* prisoners are often given an opportunity to amend, if the pleading defects are attributable to their ignorance of federal law. *See Hall*, 935 F.2d at 1110. However, the Court need not *sua sponte* invite an amendment here because Sharp's lawsuit against concerning the ABA is futile. The Complaint will be dismissed with prejudice, and the Court will deny all requests therein for damages, transfer, criminal charges, a waiver of the filing fee, etc. The Court will also deny as moot Sharp's pending Motion to Recuse Hon. Kirtan Khalsa (Doc. 2). Judge Khalsa has not made any rulings in this case, and in any event, Sharp fails to identify non frivolous arguments that would require a recusal.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Civil Complaint filed February 15, 2022 (**Doc. 1**) is **DISMISSED with prejudice** as frivolous and for failure to state a cognizable claim; his Motion to Recuse Hon. Kirtan Khalsa (**Doc. 2**) is **DENIED as moot**; and the Court will enter a separate judgment closing the case.

_____
UNITED STATES DISTRICT JUDGE